UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MICHIGAN

_____

In re
    SUREFIL, LLC,                                          Case No. 09-06914
                                                              Chapter 11
        Debtors.                                      Hon.

_____

**MOTION FOR ENTRY OF ORDER
AUTHORIZING CONTINUED USE OF EXISTING
CASH MANAGEMENT SYSTEM AND EXISTING BANK ACCOUNTS**

Surefil, LLC, the Debtor in possession (the "**Debtor**"), by its attorneys, Nantz, Litowich, Smith, Girard & Hamilton, files this Motion (the "**Motion**") for the Entry of an Order authorizing the Debtor to continue using their existing cash management system and to maintain their existing bank accounts. In support of this Motion, the Debtor states:

**JURISDICTION**

1. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §1334 and W.D. Mich. LCivR 83.2(a). Venue is proper before this Court pursuant to 28 U.S.C. §§1408 and 1409.

2. The basis for the relief requested herein are Sections 105(a), 363, 1107(a) and 1108 of Title 11 of the United States Code (the "**Bankruptcy Code**").

**BACKGROUND**

3. On June 8, 2009, the Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code and is operating as the debtor in possession. No request for the appointment of a trustee or examiner has been made in these Chapter 11 cases, and no committees have been appointed or designated.

4. The Debtor is a contract manufacturer of liquid fill plastic bottle consumer products such as shampoo, conditioner, mouthwash, bubble bath, body wash and energy drinks.

5. The Debtor currently employs approximately 46 people.

6. The Debtor's major secured lender is The Huntington National Bank ("**Bank**"). In accordance with the terms of the credit facilities existing prepetition between the Debtor and the Bank, the Debtor's accounts receivable were directed to a "lock box" and transferred into a controlled disbursement account maintained by the Bank.

7. The Debtor's use a contract payroll service for the processing of their payroll, which requires that payroll and related taxes be wire transferred to the payroll company two (2) business days prior to payday and paychecks are issued on checks of the payroll company.

8. In connection with purchasing raw materials, paying for freight services and other disbursements made in the ordinary course of business, the Debtor frequently uses wire transfers rather than checks.

### RELIEF REQUESTED

9. The Office of the United States Trustee has established certain operating guidelines for debtors in possession to supervise the administration of Chapter 11 cases, including changes to a debtor's cash management system (the "**US Trustee Guidelines**"). The U.S. Trustee Guidelines require debtors, among other things, to establish one debtor in possession account for all estate monies required to pay for the payment of taxes (including payroll taxes) (the "**Tax Escrow Account**"), to close all existing bank accounts and open new debtor in possession accounts and to obtain checks that bear the

designation "Debtor in Possession" and reference the bankruptcy case number and the type of account on such checks.

10.     Enforcement of the US Trustee Guidelines would cause substantial disruption to the Debtor's business.  Such disruptions would include, without limitation, possible delay or disruption in the processing of the Debtor's accounts receivable, due to changing bank accounts; requiring the movement of the payroll function "in-house" (so that the payroll be distributed in debtor in possession accounts); and possibly curtail the Debtor's ability to use wire transfers.

11.     Accordingly, by this Motion, the Debtor requests that the Court allow the Debtor to continue to utilize its existing control disbursement account and, when current check stock with respect to that account is depleted, new checks will bear the designation of "Debtor in Possession" and will reference the case number.  The Debtor further requests that it be allowed to maintain its current outside payroll service for payment of payroll and related taxes and not be required to run payroll taxes through a Tax Escrow Account.  The Debtor further requests that it be allowed to continue to transfer funds via wire transfer in accordance with its normal and customary historical business practice.  The Debtor will, however, establish a debtor in possession Tax Escrow Account for purposes of segregating taxes (other than payroll taxes paid through the payroll service).

WHEREFORE, the Debtor respectfully requests the entry of an Order granting the relief requested herein and granting such other and further relief as the Court deems appropriate.

                                      Respectfully submitted,

                                      **NANTZ, LITOWICH, SMITH, GIRARD & HAMILTON**
                                      Attorneys for Surefil, LLC

Dated:  June 11, 2009                  By:    */s/ **Harold E. Nelson***
                                                  Harold E. Nelson  (P-27974)
                                      Business Address:
                                          2025 E. Beltline, S.E., Suite 600
                                          Grand Rapids, MI  49546
                                          (616) 977-0077

f:\data\hen\surefil llc\motion for entry of order (use of cash management system) 6-10-09.doc