# MARCHANT, HONEY & BALDWIN LLP
ATTORNEYS AT LAW
5600 GROVE AVENUE
RICHMOND, VIRGINIA 23226-2102

W. REILLY MARCHANT, P.C.
JOHN K. HONEY, JR., P.C.
W. R. BALDWIN, III, P.C.
EDWARD A. MEYER, JR., P.C.
LINDSAY G. BLACKBURN

TELEPHONE: (804) 285-3888
TELECOPIER: (804) 285-7779

W. R. BALDWIN, III
Firm E-Mail: billbaldwin@mthblaw.com
Personal E-Mail: billbaldwin@comcast.net

June 9, 2009

Via:    First Class Mail
        Facsimile:   (616) 977-0529
        Email:       bkhen@nlsg.com

Harold E. Nelson, Esq.
Nantz, Litowich, Smith & Girard
2025 East Beltline, SE, Suite 600
Grand Rapids, MI 49546

Re:    Surefil, LLC /ACMA USA, Inc.

Dear Harold:

This follows up on our call from this morning. I thank you for your time.

I did not see on the list of creditors in Surefil's Chapter 11 (No. 09-06914, filed yesterday) any entry for ACMA USA, Inc., whom I represent. While the debtor's schedules and SFA have not yet been filed, of course, I am writing to assure that you are aware of matters that affect both your client and mine.

In 2008 ACMA USA sued Surefil LLC in the United States District Court, Eastern District of Virginia, Case No. 3:08-cv-71. The details of the case are accessible via PACER, but in summary ACMA sold a filling and capping machine to Surefil, Surefil refused to pay, ACMA sued Surefil and Surefil counterclaimed. ACMA recovered judgment against Surefil and was paid in full (more than 90 days before the filing, I might add).

Because Surefil rejected its purchase of the machine in September, 2008, under the Michigan UCC as a matter of law Surefil at that time renounced its ownership of the machine and by the act of rejection made ACMA as the seller the owner. The point was recognized by the district court here in Richmond during the litigation. After the trial Surefil filed a motion to seek reconsideration of the ownership issue but then withdrew that motion without adjudication. so, the decision stands.

June 9, 2009<br>Page 2

The legal authority that vested title in ACMA as of September of last year at the time of Surefil's rejection was MCL § 440.2401(4):

> A rejection or other refusal by the buyer to receive or retain the goods, whether or not justified, or a justified revocation of acceptance revests title to the goods in the seller. Such revesting occurs by operation of law and is not a "sale".

You will note that the vesting of title in the seller "occurs by operation of law" and that this vesting of title occurs on rejection and "whether or not justified." So, the fact that the federal jury (and court) found that Surefil's rejection was wrongful was not material. The rejection itself, not the rightness of the rejection, is the act that transfers title. The statute has no provision automatically transferring title back to the buyer when or if it makes payment of the sums adjudicated to be due.

Copies of correspondence pertinent to the point are included for your information. You will note my invitations to all concerned for reference to the legal authorities that "undo" the vesting of title in the seller on buyer's rejection because of a later payment by the buyer. So far no authorities have been provided.

This letter serves three formal purposes:

(1)   to [again] demand return of the machine to ACMA since it is not property of Surefil's bankruptcy estate and instead is the property of ACMA [ACMA will retrieve the machine and its systems and subsystems at its expense from Surefil's facility];

(2)   to demand adequate protection of ACMA's interest in ACMA's machine of which your client has custody and;

(3)   to assure your firm has knowledge of these matters so as to assure ACMA will receive proper notices during the case (you may list my name, firm and address as the c/o address for ACMA's addition to the mailing matrix and the schedules when filed).

Previous efforts to recover the ACMA machine on an informal basis have not been successful. Please let me know if the debtor in possession has a different view.

Very truly yours,<br><br>*Bill Baldwin*<br><br>W. R. Baldwin, III

Enclosures

cc:   ACMA USA, Inc.

# DurretteBradshaw nc
Attorneys And Counsellors At Law

Christine A. Williams
Direct Dial 804.775.6838
cwilliams@durrettebradshaw.com
www.durrettebradshaw.com

September 5, 2008

**VIA EMAIL AND FIRST CLASS MAIL**

W. R. Baldwin, III, Esquire
Marchant, Honey & Baldwin, LLP
5600 Grove Avenue
Richmond, Virginia 23226-2102

      Re:    Civil Action No. 3:08CV071
                ACMA USA, Inc., v. Surefil, LLC
                U. S. District Court – Eastern District of Virginia – Richmond Division

Dear Bill:

      As you know, Surefil contends that the Machine in question in the above-referenced lawsuit has never performed in conformance with ACMA's representations or in a reasonably commercial manner or for the purposes for which the Machine was purchased and built. Despite past assurances by ACMA and its attempts to repair the Machine on multiple occasions, the Machine has been, and continues to be, non-conforming since installation in April 2007.

      Surefil has made its own repeated efforts to repair the Machine. Despite these efforts, the Machine continues to malfunction. The most immediate concern right now is the continued inability of a Filler Head to consistently fill bottles. More often than not, it does not fill at all. This means one out of every 28 bottles on this 28 Head Filler / Capper Machine is a reject, resulting in increased costs and slowed production. Moreover, every customer that comes into the plant (as they commonly do in this industry) sees your malfunctioning Machine and questions Surefil's ability to meet its production requirements. The deficiencies with the Machine have had, and continue to have, a serious and detrimental effect on Surefil's business.

      In Surefil's latest attempt to fix the Machine, it came to the conclusion that a certain motherboard was the cause of the problems related to the malfunctioning Filler Head. Depending on the position of the motherboard, the problem will move from Filler Head #1, 13 or 25. This motherboard is proprietary to ACMA and can only be purchased from ACMA. In August, Surefil made repeated requests to purchase this motherboard from ACMA. However, despite ACMA's duty to mitigate the damages it has and is causing Surefil, ACMA has refused to provide this motherboard or any other parts to Surefil since February 2008.

Letter to Mr. Baldwin
September 5, 2008
Page 2 of 2

Surefil has now exhausted all alternatives it knows of to try to repair this Machine. The Machine is non-conforming to the Order Confirmation provided by ACMA and this non-conformance has substantially impaired the value of the Machine to Surefil. As such, Surefil is hereby formally rejecting the Machine. To the extent you do not believe that Surefil has the right to reject the Machine, please consider this alternatively its formal revocation of acceptance of the Machine. Likewise, Surefil is rejecting, or to the extent necessary, providing revocation of acceptance, of all change parts supplied by ACMA.

Surefil hereby demands to be reimbursed for the $273,506.33 payment it made on the Machine in October 2006 and for all payments it has made for change parts and for the computer system supplied earlier this year.

Please provide instructions regarding ACMA's plan to retrieve the Machine. Surefil will work constructively with ACMA to effectuate the return of the Machine.

Sincerely,

Christine A. Williams

cc:   Mr. William B. Hunt

# MARCHANT, HONEY & BALDWIN LLP
ATTORNEYS AT LAW
5600 GROVE AVENUE
RICHMOND, VIRGINIA 23226-2102

W. REILLY MARCHANT, P.C.
JOHN K. HONEY, JR., P.C.
W. R. BALDWIN, III, P.C.
EDWARD A. MEYER, JR., P.C.
JOHN R. MCNEER, P.C.
SUSAN A. KESSLER, ESQ.

TELEPHONE: (804) 285-3888
TELECOPIER: (804) 285-7779

W. R. BALDWIN, III
Firm E-Mail: billbaldwin@mthblaw.com
Personal E-Mail: billbaldwin@comcast.net

September 23, 2008

By Hand, First Class Mail and
Email (bmarshall@durrettebradshaw.com) and (cwilliams@durrettebradshaw.com)

Surefil, L.L.C. c/o
Bruce M. Marshall, Esq.
Christine A. Williams, Esq.
DurretteBradshaw, PLC
600 East Main Street, 20th Floor
Richmond, Virginia 23219

> Re: Demand by ACMA USA, Inc. for Return of Machine
> ACMA Filler Capper Machine Monoblock M05 28/12-150 (the "Machine")
> ACMA USA, Inc. v. Surefil, L.L.C., No. 3:08-cv-0071
> United States District Court, Eastern District of Virginia

Ladies/Gentlemen:

By counsel letter dated September 5, 2008, copy attached, Surefil gave notice that it purportedly was "formally rejecting the Machine. To the extent you do not believe that Surefil has the right to reject the Machine, please consider this alternatively its formal revocation of acceptance of the Machine. Likewise, Surefil is rejecting, or to the extent necessary, providing revocation of acceptance, of all change parts supplied by ACMA."

The letter closed with the request that counsel "Please provide instructions regarding ACMA's plan to retrieve the Machine."

In reply to that letter and per applicable law, ACMA USA now demands return of the Machine.

I will not labor this letter with discussion of ACMA USA's disagreement with Surefil's actions and positions except to confirm that (1) there was no valid basis for rejection even if timely, (2) rejection 17 months after delivery given the history was not within the "reasonable time" required by the Uniform Commercial Code for rejection, (3) no valid cause exists for

September 23, 2008<br>Page 2

revocation of acceptance and (4) even if there were a valid cause, revocation of acceptance did not come within the "reasonable time" required by the Uniform Commercial Code.

The merits of these positions remain for adjudication in the pending case, but as a matter of logic either Surefil's purported rejection/revocation is proper or it is not.

If Surefil's rejection/revocation is proper, then Surefil is obligated to return the machine under the terms of its September 5 letter as well as under the Uniform Commercial Code. Surefil may amend its counterclaim to add the payment demand for $273,506.33 contained in the letter; the undersigned counsel will not oppose a request for that relief. It will be understood that ACMA USA denies any such liability.

If Surefil's rejection/revocation is improper, then ACMA USA is authorized under the Uniform Commercial Code to recover and resell the machine. Under the UCC (§2-703, identical in both Virginia and Michigan), "[w]here the buyer wrongfully rejects or revokes acceptance of goods," the seller may proceed to resell and recover damages as hereafter provided under" UCC § 2-706.

Either way, ACMA USA wishes to recover the Machine and now makes this formal demand. ACMA USA will arrange for all personnel, equipment and materials to remove the machine, to include all subassemblies, from Surefil's line 2 and to remove it from Surefil's plant and transport the machine to Richmond, Virginia. ACMA USA requires Surefil's cooperation in making the facility available for these actions.

Please confirm to the undersigned your continuing agreement that ACMA USA may recover the machine as demanded and as set out in your September 5 letter. Upon your written confirmation, ACMA USA business representatives will arrange directly with Surefil to recover the machine and the name and contact information of a Surefil employee to accomplish this action is requested.

Since Surefil requested on September 5 these instructions for returning the machine, we believe that a confirmatory letter to be received by the undersigned counsel no later than noon on September 25 is more than enough time to be reasonable under the circumstances.

ACMA USA reserves all of its rights and understands that Surefil does as well.

On behalf of ACMA, USA, Inc., I remain,

Very truly yours,<br><br>W. R. Baldwin, III

Enclosure

cc:   ACMA USA, Inc.

## MARCHANT, HONEY & BALDWIN LLP
ATTORNEYS AT LAW
5600 GROVE AVENUE
RICHMOND, VIRGINIA 23226-2102

W. REILLY MARCHANT, P.C.
JOHN K. HONEY, JR., P.C.
W. R. BALDWIN, III, P.C.
EDWARD A. MEYER, JR., P.C.
JOHN R. MCNEER, P.C.
SUSAN A. KESSLER, ESQ.

TELEPHONE: (804) 285-3888
TELECOPIER: (804) 285-7779

W. R. BALDWIN, III
Firm E-Mail: billbaldwin@mthblaw.com
Personal E-Mail: billbaldwin@comcast.net

December 10, 2008

By Hand and Facsimile ((804) 775-6911)

Surefil, LLC
c/o Bruce M. Marshall, Esq.
Christine A. Williams, Esq.
DurretteBradshaw, PLC
600 East Main Street, 20th Floor
Richmond, VA 23219


Via Facsimile (616) 647-0958 and Federal Express

Surefil, LLC
c/o Frederick J. Boncher, Esq.
Schenk, Boncher, & Rypma, P.C.
601 Three Mile Road, N.W.
Grand Rapids, MI 49544

      Re:    Demand by ACMA USA, Inc. for Return of Its Property -
               ACMA Filler Capper Machine Monoblock M05 28/12-150 (the "Machine")
               ACMA USA, Inc. v. Surefil, L.L.C., No. 3:08-cv-0071
               United States District Court, Eastern District of Virginia

Ladies/Gentlemen:

      On November 14, 2008, the United States District Court for the Eastern District of Virginia ruled in the above case that title to the Machine is now vested in ACMA USA, Inc. by reason of the September 5, 2008, rejection by Surefil, LLC of its purchase of the Machine. A copy of the September 5, 2008 letter that gave notice of this rejection is attached for your convenience in reference. ACMA USA is now the owner of the Machine by operation of law and Surefil no longer has any ownership interest in the Machine.

      As the owner of the Machine ACMA USA now demands:

December 10, 2008
Page 2

- Surefil L.L.C. immediately cease any and all use of ACMA's Machine
- Surefil immediately surrender the Machine to ACMA USA.

Surefil should designate a representative to contact Mr. Stefano Vernocchi, ACMA USA Customer Service Manager, 501 Southlake Boulevard, Richmond, VA 23236. Mr. Vernocchi may be reached through (804) 794-9777 and his email address is *svernocchi@acmausa.com*. Mr. Vernocchi will coordinate with Surefil for the recovery of the Machine. ACMA USA will arrange for all personnel, equipment and materials to recover the Machine, to include all subassemblies, from Surefil's line 2, to remove it from Surefil's plant and transport the Machine to Richmond, Virginia without additional charge to Surefil except for incidental expenses Surefil may have in making its premises available for these actions.

ACMA USA hopes Surefil will honor its legal obligations to ACMA USA, to include its obligation to return ACMA's Machine, without further litigation. We request your immediate written response confirming your acceptance of these demands.

Very truly yours,

W. R. Baldwin, III

Enclosure

cc: ACMA USA, Inc.
Michael D. Almassian, Esq.
Stefano Vernocchi

# MARCHANT, HONEY & BALDWIN LLP

ATTORNEYS AT LAW
5600 GROVE AVENUE
RICHMOND, VIRGINIA 23226-2102

W. REILLY MARCHANT, P.C.
JOHN K. HONEY, JR., P.C.
W. R. BALDWIN, III, P.C.
EDWARD A. MEYER, JR., P.C.
JOHN R. MCNEER, P.C.
SUSAN A. KESSLER, ESQ.

TELEPHONE: (804) 285-3888
TELECOPIER: (804) 285-7779

W. R. BALDWIN, III
Firm E-Mail: billbaldwin@mthblaw.com
Personal E-Mail: billbaldwin@comcast.net

December 10, 2008

By Hand and Facsimile ((804) 775-6911)

Surefil, LLC
c/o Bruce M. Marshall, Esq.
Christine A. Williams, Esq.
DurretteBradshaw, PLC
600 East Main Street, 20th Floor
Richmond, VA 23219

Via Facsimile (616) 647-0958 and Federal Express

Surefil, LLC
c/o Frederick J. Boncher, Esq.
Schenk, Boncher, & Rypma, P.C.
601 Three Mile Road, N.W.
Grand Rapids, MI 49544

   Re: Demand by ACMA USA, Inc. for Return of Its Property -
      ACMA Filler Capper Machine Monoblock M05 28/12-150 (the "Machine")
      ACMA USA, Inc. v. Surefil, L.L.C., No. 3:08-cv-0071
      United States District Court, Eastern District of Virginia

Ladies/Gentlemen:

  On November 14, 2008, the United States District Court for the Eastern District of Virginia ruled in the above case that title to the Machine is now vested in ACMA USA, Inc. by reason of the September 5, 2008, rejection by Surefil, LLC of its purchase of the Machine. A copy of the September 5, 2008 letter that gave notice of this rejection is attached for your convenience in reference. ACMA USA is now the owner of the Machine by operation of law and Surefil no longer has any ownership interest in the Machine.

  As the owner of the Machine ACMA USA now demands:

December 10, 2008
Page 2

- Surefil L.L.C. immediately cease any and all use of ACMA's Machine
- Surefil immediately surrender the Machine to ACMA USA.

Surefil should designate a representative to contact Mr. Stefano Vernocchi, ACMA USA Customer Service Manager, 501 Southlake Boulevard, Richmond, VA 23236. Mr. Vernocchi may be reached through (804) 794-9777 and his email address is *svernocchi@acmausa.com*. Mr. Vernocchi will coordinate with Surefil for the recovery of the Machine. ACMA USA will arrange for all personnel, equipment and materials to recover the Machine, to include all subassemblies, from Surefil's line 2, to remove it from Surefil's plant and transport the Machine to Richmond, Virginia without additional charge to Surefil except for incidental expenses Surefil may have in making its premises available for these actions.

ACMA USA hopes Surefil will honor its legal obligations to ACMA USA, to include its obligation to return ACMA's Machine, without further litigation. We request your immediate written response confirming your acceptance of these demands.

Very truly yours,

W. R. Baldwin, III

Enclosure

cc: ACMA USA, Inc.
Michael D. Almassian, Esq.
Stefano Vernocchi

# MARCHANT, HONEY & BALDWIN LLP
ATTORNEYS AT LAW
5600 GROVE AVENUE
RICHMOND, VIRGINIA 23226-2102

W. REILLY MARCHANT, P.C.
JOHN K. HONEY, JR., P.C.
W. R. BALDWIN, III, P.C.
EDWARD A. MEYER, JR., P.C.
JOHN R. MCNEER, P.C.
SUSAN A. KESSLER, ESQ.

TELEPHONE: (804) 285-3888
TELECOPIER: (804) 285-7779

W. R. BALDWIN, III
Firm E-Mail: billbaldwin@mhblaw.com
Personal E-Mail: billbaldwin@comcast.net

January 21, 2009

Via Federal Express
First Class Mail and Electronic Mail

Jeffrey O. Birkhold, Esq. (jbirkhold@wnj.com)
Laura E. Morris, Esq.
Warner, Norcross & Judd LLP
900 Fifth Third Center
111 Lyon Street NW
Grand Rapids, MI 49503

Re: Notice of Ownership of a Certain ACMA M05 28/12 – 150 Monobloc Filling and Capping Machine Located at Surefil, LLC
4560 Danvers Drive SE
Kentford, MI 49512

Dear Counsel:

As you should know, ACMA USA, Inc. is the plaintiff and Surefil, LLC is the defendant in case no. 3:08-cv-71-HEH pending in the United States District Court, Eastern District of Virginia, Richmond Division. As you may know, on December 1, 2008 the court in this case entered judgment in ACMA USA's favor against Surefil for $733,174.28. There was a payment of $594,767.67 credited to the account of the judgment on December 18 from a payment made by The Huntington National Bank under the letter of credit issued to ACMA USA. You are familiar with the general background of this matter as you served as counsel for The Huntington National Bank in litigation formerly pending in the Kent County (Michigan) Circuit Court styled Surefil, LLC v. The Huntington National Bank and ACMA USA, Inc., Case No. 08-02986-CK.

I write as a result of a telephone call between William Hunt, Surefil CEO, and Richard Polchinski, CFO of ACMA USA, from last week. I write you in your capacity as counsel for The Huntington Bank as this seems more appropriate than a direct letter to your client.

On January 16, 2009, Surefil CEO Hunt requested that ACMA USA CFO Polchinski "issue an invoice to the attention of Huntington National Bank : Attn Mark Vandergrift c/o Surefil LLC, 4560 Danvers Drive, Kentwood, MI, 49512. The amount should be $138,406.61."

As CFO Polchinski understood Hunt's request, this had something to do with some sort of financing for the ACMA Machine that was the subject of both the Michigan state and the Virginia federal litigation. Research indicates that Mr. Vandegrift appears to be affiliated with an entity (or a division of The Huntington National Bank) known as "Huntington Equipment Finance," which provides credence to Mr. Polchinski's recollection.

We have provided Surefil's counsel in the Virginia federal litigation judgment pay off information (excluding court costs) and have advised Surefil's Virginia counsel no invoice will be provided.

Please TAKE NOTICE that during the litigation Surefil rejected its purchase of the ACMA Machine by its counsel letter dated September 5, 2008, copy attached. ACMA has advised Surefil that the act of rejection served by operation of law to vest title to the ACMA machine in ACMA USA. Michigan Uniform Commercial Code § 440.2401(4)) so provides. The United States District Court in the above litigation ruled on the record that title to the machine is now vested in ACMA.

Surefil knows of the court ruling as to title and that it no longer holds title to this machine. Despite this knowledge, to date Surefil has refused ACMA's demand to make the machine available to ACMA for recovery. I am enclosing a copy of my December 10, 2008 letter to Surefil's Michigan and Richmond counsel demanding return of the machine. There has been no response to this letter.

Payment of the judgment will not revest title in Surefil. I am not aware of any provision in the Michigan UCC that so provides. Surefil made the decision to reject the machine and that decision, "whether or not justified," revested title to the goods in ACMA USA as seller "by operation of law."

The comments by Hunt and Mr. Vandegrift's business affiliation give rise to the possibility that Surefil may be attempting some sort of lease or financing arrangement regarding this machine. Accordingly, this letter provides actual notice to The Huntington National Bank/ Huntington Equipment Finance and any Bank affiliates that Surefil is not the owner of the ACMA Machine at Surefil, has not been the owner since September 5, 2008, and has no authority to lease, finance or in any way deal with this Machine except to make it available to ACMA USA for recovery.

ACMA USA has not granted any party any authority to deal with ACMA's machine in any way and reserves all of its rights against any person that or who acts or attempts or presumes to act contrary to ACMA's rights as the owner of the machine or in derogation thereof.

I am copying Michigan and Virginia counsel for Surefil so all concerned will have knowledge of this communication.

If there are any questions please be in touch promptly.

With sincere regards, I remain.

                    Very truly yours,

                    W. R. Baldwin, III

Enclosures

cc:    ACMA USA, Inc.
       Bruce M. Marshall, Esq. (Via email and first class mail)
       Frederick J. Boncher, Esq. (Via first class mail)



JEFFREY O. BIRKHOLD

616.752.2131
FAX 616.222.2131

jbirkhold@wnj.com

January 26, 2009

W. R. Baldwin, III, Esq.
Marchant, Honey & Baldwin, LLP
5600 Grove Avenue
Richmond, Virginia 23226-2102

Re:   **Your Letter Re: ACMA M05 28/12 - 150 Monobloc
       Filling and Capping Machine**

Dear Mr. Baldwin:

I am writing on behalf of The Huntington National Bank ("Bank") in response to your letter dated January 21, 2009. I write solely on behalf of the Bank, and not on behalf of Surefil, LLC ("Surefil").

Your letter purports to give notice to the Bank that ACMA USA, Inc. ("ACMA") claims ownership of the ACMA M05 28/12 – 150 Monobloc Filling and Capping Machine presently located at the premises of Surefil, 4560 Danvers Drive SE, Kentwood, Michigan 49512. The Bank questions your client's claim to ownership of this machine, as discussed below. Please be advised, however, that the Bank holds a perfected security interest in the machine securing all debt owed to it by Surefil. The Bank holds a security interest in all personal property assets of Surefil, which security interest secures all indebtedness owed to the Bank. As your letter concedes, Surefil owned the machine in question at least until September 5, 2008. During that period of ownership, the Bank's security interest attached to the machine, and it remains attached at this time. Accordingly, regardless of who owns the machine, the machine is subject to the Bank's perfected security interest.

Your client's claim of ownership is puzzling for a number of reasons. First, you state that ACMA now owns the machine by virtue of Surefil's purported rejection and/or revocation of acceptance in a letter dated September 5, 2008. However, according to the Verdict Form in your litigation with Surefil, Count IX of Surefil's counterclaim claimed that Surefil had validly and properly rejected and/or revoked acceptance of the machine. The jury found in favor of ACMA on Count IX, thus effectively finding that Surefil's attempted rejection and/or revocation of acceptance was ineffective. Accordingly, there was no rejection and/or revocation of acceptance and Surefil has remained at all times the owner of the machine.

Second, ACMA has been paid in full for the machine. The contract for sale has been completed, and Surefil owns the machine. On December 11, 2008, you submitted documents to the Bank on behalf of ACMA drawing on irrevocable standby letter of credit OSB 004176. That letter of credit served as an alternate method by which ACMA could obtain

W. R. Baldwin, III, Esq.
January 27, 2009
Page 2

---

payment for the machine. In fact, as required by the letter of credit, ACMA submitted a certified statement that Surefil had failed to pay for the machine and the invoices issued by ACMA to Surefil remained unpaid. Further, the invoices submitted with the certified statement and sight draft clearly indicate that Surefil paid $273,560.33 (which payment came from loan advances from the Bank to Surefil) for the machine on October 16, 2006, and the draw on the letter of credit constituted the remainder of the payment price. Having accepted Surefil's down payment and having drawn on the letter of credit for the remaining amount of the purchase price, ACMA cannot now claim to have not sold the machine to Surefil.

Your letter refers to a court ruling as to title to the machine. We have seen no such ruling. Certainly, the Judgment contains no such language or provision. The Judgment provides for nothing more than a money payment from Surefil to ACMA.

We recognize that we may not have all of the facts and background circumstances. Please provide me with any additional documents or information supporting your Notice of Ownership. However, based on the knowledge we have and the information and documents provided, it appears (1) the Bank has a perfected security interest in the machine in question regardless whether the machine is owned by Surefil or AMCA, and (2) ACMA has been paid in full for the machine and it is thus owned by Surefil.

Under the Judgment, Surefil owes ACMA an additional $138,460.61. The Bank has been attempting to arrange a financing package with Surefil pursuant to which Surefil would receive sufficient funds to pay the remaining amount of the Judgment in full. The contact by Surefil with ACMA referenced in your letter incurred in connection with arranging this financing package. That financing cannot be completed until the issues raised in your letter have been resolved.

Again, we may not be aware of all the facts and circumstances, but it is difficult to envision circumstances under which ACMA could both be paid for the machine in full and be entitled to its return. Accordingly, the Bank requests that ACMA withdraw its claim of ownership so the financing arrangement between the Bank and Surefil can be completed and ACMA can be paid in full under its Judgment.

Very truly yours,

Jeffrey O. Birkhold

JOB/sra

1630417

# MARCHANT, HONEY & BALDWIN LLP
### ATTORNEYS AT LAW
5600 GROVE AVENUE
RICHMOND, VIRGINIA 23226-2102

W. REILLY MARCHANT, P.C.
JOHN K. HONEY, JR., P.C.
W. R. BALDWIN, III, P.C.
EDWARD A. MEYER, JR., P.C.
JOHN R. MCNEER, P.C.
SUSAN A. KESSLER, ESQ.

TELEPHONE: (804) 285-3888
TELECOPIER: (804) 285-7779

W. R. BALDWIN, III
Firm E-Mail: billbaldwin@mthblaw.com
Personal E-Mail: billbaldwin@comcast.net

February 3, 2009

Via First Class Mail and Electronic Mail

Jeffrey O. Birkhold, Esq. (jbirkhold@wnj.com)
Warner, Norcross & Judd LLP
900 Fifth Third Center
111 Lyon Street NW
Grand Rapids, MI 49503

     Re:    Follow Up
                Notice of Ownership of a Certain ACMA M05 28/12 – 150 Monobloc Filling and
                Capping Machine Located at Surefil, LLC
                4560 Danvers Drive SE
                Kentford, MI 49512

Dear Mr. Birkhold:

Thank you for your letter of January 26, to which this responds.

     1.     My letter of January 21 did not discuss whether your client The Huntington National Bank holds a perfected security interest in the ACMA Machine because that point has nothing to do with ACMA's ownership of the Machine as a result of Surefil's rejection of its purchase. If you believe the point is material please forward pertinent authorities.

     2.     Your letter finds ACMA's claim of ownership to be puzzling. The Michigan code resolves the puzzle. My letter referred to MCL 440.2401(4). Here is what it says:

> A rejection or other refusal by the buyer to receive or retain the goods, whether or not justified, or a justified revocation of acceptance revests title to the goods in the seller. Such revesting occurs by operation of law and is not a "sale".

There is no question that Surefil rejected its purchase of the Machine, so the first requirement is met. As your letter notes, the jury at trial found that Surefil's rejection of the machine was not justified, but under the statute a rejection "whether or not justified" has the same effect, so the

jury's decision is unimportant to the point. And, since the revesting of title occurs "by operation of law," there is no need for further inquiry. Your letter did not cite authority reversing the statutory effect of the buyer's rejection because a jury later might decide the rejection was unjustified, or because a court might enter judgment on that verdict (or ultimately might not, since there is not yet a final judgment in *ACMA v. Surefil*) ), or because a seller subsequently might recover a part of the judgment and all or a part of the purchase price. I assume the reason you did not provide this authority was that there was none you could share. If I have read that tea leaf wrongly please correct me.

3. Please, also, recall that the decision to reject was Surefil's. Only a buyer can reject and only Surefil rejected. The results of that rejection were predetermined by the Michigan legislature and the drafters of the Uniform Commercial Code, not by ACMA. If Surefil did not wish to transfer title to its seller it would not have rejected its purchase.

4. Your letter says you have not seen the court ruling affirming that title is vested in my client. I refer you to your client's borrower. The borrower's counsel was in the courtroom when the judge announced his decision and the borrower/buyer has the same transcript as the seller. I have no comment if the borrower has not provided a copy of the transcript to its lender and have no need for comment if the lender has seen the transcript, even if you have not.

5. Surefil owes the balance of the judgment to ACMA USA. ACMA's only duty is to assure that any payments to the account of the judgment are properly reflected on the record. ACMA has no duty to relinquish title to the Machine to assist Surefil in meeting its judgment obligations.

6. I am advised Michigan law provides severe sanctions for conversion.

7. Surefil's FY 2007 financial statements disclosed, indirectly, the presence of the ACMA Machine on Surefil's asset ledger. Surefil shortly will be preparing its FY 2008 financial statements and its FY 2008 income tax information returns. The ownership of the ACMA Machine presumably must be addressed in these papers.

8. Mr. Hunt, the Surefil CEO, testified in the federal trial that the ACMA Machine was a "total loss" for Surefil. He went on: "the answer to the question on value of the machine is it doesn't work, it doesn't conform, it doesn't do what it's supposed to do, and it's got all this other very expensive equipment around it. So it's a negative." He went on further: "it's just a boat anchor for us" and "to run it is to always feel pain financially." ACMA cannot understand why Surefil would wish to borrow money on the strength of "a boat anchor" that "doesn't work," or why anyone would wish to lend money on such collateral. But these points are not my client's concern. What is my client's concern is that Surefil not only refuses to return my client's Machine but now is trying to borrow money against that Machine – and The Huntington National Bank apparently is considering doing this.

9. Surefil is on the record dozens of times, in business correspondence and under oath in both Virginia and Michigan courts, about the demerits of the ACMA Machine. The continuing refusal of Surefil to return the Machine to ACMA, with the first demand therefor now four months past, can have only negative effects for Surefil legally. On the business side, why Surefil would wish to keep a "boat anchor" that "doesn't work" in the teeth of legal risk defies

February 3, 2009
Page 3

logic. These last comments are rhetorical, of course — my client understands that The Huntington National Bank does not make, or seek to make, Surefil's business decisions.

I am copying Michigan and Virginia counsel for Surefil so all concerned will have knowledge of this communication.

If there is need for further correspondence I will endeavor to reply promptly.

With sincere regards, I remain,

Very truly yours,

W. R. Baldwin, III

cc:   ACMA USA, Inc.
      Michael D. Almassian, Esq.
      Bruce M. Marshall, Esq. (Via email and first class mail)
      Frederick J. Boncher, Esq. (Via first class mail)

# MARCHANT, HONEY & BALDWIN LLP
### ATTORNEYS AT LAW
5600 GROVE AVENUE
RICHMOND, VIRGINIA 23226-2102

W. REILLY MARCHANT, P.C.
JOHN K. HONEY, JR., P.C.
W. R. BALDWIN, III, P.C.
EDWARD A. MEYER, JR., P.C.
JOHN R. McNEER, P.C.

TELEPHONE: (804) 285-3888
TELECOPIER: (804) 285-7779

W. R. BALDWIN, III
Firm E-Mail: billbaldwin@mthblaw.com
Personal E-Mail: billbaldwin@comcast.net

March 17, 2009

Via Email (aloewenstein@maynards.com)
Facsimile to (248) 569-9793 and
First Class Mail

Mr. Al Loewenstein
Maynards
21700 Northwestern Hwy, Suite 1180
Southfield, MI 48075-4923

    Re:    ACMA M05 28/12 – 150 Monobloc liquid filling and capping machine
            Currently believed to be in the custody of Surefil, LLC (SN 1132).

Dear Mr. Lowenstein:

    I am a Richmond, VA attorney and represent ACMA USA, Inc. This email follows up on voicemails I left on your mobile and landline telephones today.

    ACMA is the owner of a certain ACMA M05 28/12 – 150 Monobloc liquid filling and capping machine currently believed to be in the custody of Surefil, LLC. SN 1132.

    By way of background, ACMA USA sold this machine to Surefil by contract made in 2006, in 2007 the machine was delivered to Surefil but Surefil refused to make required payments, in January, 2008 ACMA sued Surefil and in November, 2008 ACMA recovered judgment against Surefil for the outstanding purchase price of the machine as well as unpaid service and parts invoices. In the process of that lawsuit (Case No. 3:08-cv-0071, U. S. District Court, Eastern District of Virginia, Richmond Division) Judge Henry H. Hudson ruled that the machine became the property of ACMA USA, Inc. when Surefil rejected its purchase of the machine in September, 2008.

    Although Surefil initially challenged the decision that the machine was now ACMA's property, Surefil abandoned that challenge and the appeal period to challenge the decisions of the court in this federal litigation has ended.

March 17, 2009
Page 2

On behalf of ACMA USA, Inc. I have demanded that Surefil return the machine to ACMA, which Surefil has refused to do. Both Surefil and Surefil's lender the Huntington Bank are aware of ACMA's ownership.

The purpose of this letter is to confirm the requests left on my voicemails that you call me regarding your contact yesterday with Bill Fenner of ACMA USA. Matters relating to this machine have been delegated to me and I will be pleased to respond to any questions.

You should be aware of ACMA's ownership of the machine and that any person who is dealing or attempting to deal with the machine does so at his or her own peril without ACMA's express written approval, which approval has not been given to any person. Since your company is in the industrial sales and liquidation business, as well as appraising, the thought occurs that your company may have been enlisted in some scheme to deal with ACMA's property.

We would appreciate very much any details you may have of any efforts to deal in ACMA's property and I look forward to your call. If you would feel more comfortable having your company attorney call me, please provide my contact information to this person.

I am copying the attorneys for Surefil, LLC (Marshall) and The Huntington Bank (Birkhold) via email so they will have knowledge of this communication.

Very truly yours,

W. R. Baldwin, III

cc:   Bruce Marshall, Esq. (bmarshall@durrettebradshaw.com)
      Jeffrey O. Birkhold, Esq. (jbirkhold@wnj.com)