UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

IN RE:                                              Case No. HG 09-06914
                                                    Chapter 11
SUREFIL, LLC,

    Debtor.
_____/

SUREFIL PROPERTIES, LLC,                            Case No. HG 09-06916
                                                    Chapter 11
    Debtor.
_____/

### AMENDED* ORDER RE: DEBTORS' AND SECURED CREDITORS' JUNE 26, 2009 STIPULATION

At a session of said Court of Bankruptcy,
held in and for said district on
NOV 3 0 2009
_____

PRESENT:  HONORABLE JEFFREY R. HUGHES
                United States Bankruptcy Judge

On November 30, 2009 Debtors filed a document entitled "Amended Motion for Entry of Order Approving Stipulation Authorizing Continued Use of Cash Collateral and Granting Adequate Protection and Providing for a Sale Process" (DN 119) (the "11/30/09 Cash Collateral Motion"). Attached to the 11/30/09 Cash Collateral Motion is a stipulation between Debtors and The Huntington National Bank ("Secured Creditors") entitled "Stipulation Authorizing Continued Use of Cash Collateral and Granting Adequate Protection and Providing for a Sale Process." (the "11/30/09 Cash Collateral Stipulation").

---

* The original order (DN 120), also entered on November 30, 2009, is amended only to change the hearing date from December 8, 2009 to December 10, 2009 and to change the time to file written objections from December 7, 2009 to December 9, 2009.

Debtors and the Secured Creditors had previously filed a cash collateral stipulation with the court (the "6/26/09 Cash Collateral Stipulation") (DN 38) and the court in turn approved the 6/26/09 Cash Collateral Stipulation in its 6/29/09 order (the "6/29/09 Cash Collateral Order") (DN 39). The 11/30/09 Cash Collateral Stipulation is an extension of the 6/26/09 Cash Collateral Stipulation.

Subject to notice and opportunity to be heard being given as provided at the conclusion of this order, the court approves the 11/30/09 Cash Collateral Stipulation subject to the following clarifications, modifications, and exceptions:

1. The clarifications, modifications and exceptions made by the court in the 6/29/09 Cash Collateral Order remain in full force and effect to the extent the 11/30/09 Cash Collateral Stipulation incorporates the 6/26/09 Cash Collateral Stipulation.

2. Notwithstanding anything to the contrary in paragraph 24 of the 11/30/09 Cash Collateral Stipulation, the new agreements and acknowledgements in paragraphs 6, 10.c. and 22 added by the 11/30/09 Cash Collateral Stipulation are binding only upon the parties to the agreement and then only upon Debtors as parties in interest in the Chapter 11 proceedings. Parties in interest who have not signed the 11/30/09 Cash Collateral Stipulation are not bound by the provisions referenced in the preceding sentence except that the Creditors' Committee and any Chapter 11 trustee (but not a Chapter 7 trustee) will also be bound unless the Committee complies with the objection procedure set forth in paragraph 24 of the 11/30/09 Cash Collateral Stipulation.

3. Approval of the 11/30/09 Cash Collateral Stipulation is not to be construed as approval of the Section 363 sale contemplated in paragraph 10.c. of that stipulation. The court will consider the merits of that motion separately if and when an appropriate motion is filed.

Service of this order and a "redlined" version of the 11/30/09 Cash Collateral Stipulation shall be made upon the United States Trustee and the creditors included on Debtors' Rule 1007(d) lists filed with the court and upon all secured creditors in Debtors' Schedule Ds by no later than 5:00 p.m. (EDT) on **November 30, 2009**. Parties served with this order shall have until noon (EDT) on **December 9, 2009** to file with the court and serve upon counsel for the Debtors and Secured Creditor any written objection that they may have to the order.

If a timely written objection is filed, then a hearing will be held concerning that objection on **December 10, 2009 at 1:30 p.m. at the United States Bankruptcy Court, One Division, N., Third Fl., Courtroom C., Grand Rapids, Michigan**. The court will also hear any oral objection made at the hearing itself.

And finally, Debtors and the Secured Creditor may also use the December 10, 2009 hearing to address any objection or question either might have to the clarifications/modifications/exceptions the court has made with respect to the 11/30/09 Cash Collateral Stipulation.

If no objection is made to this order and no further clarification is required as a result of the December 10, 2009 hearing, then this order will become final without further order of this court.

11/30/09

HONORABLE JEFFREY R. HUGHES
United States Bankruptcy Judge

**PLEASE NOTE:** The above hearing may be adjourned or continued one or more times by telephonic or written request if no objection is made at the hearing or by oral request at the hearing if no objection is made or if the objection is overruled. The court may also sua sponte adjourn or continue the hearing one or more times. If an adjournment or continuance of the above hearing is permitted, parties in interest will not be given written notice of the adjourned or continued date or any subsequent adjournment or continuance. Information regarding the time, date and place of any adjourned or continued hearing may be accessed through the Bankruptcy Courts web site (www.miwb.uscourts.gov) provided the person has a PACER login and password, or by visiting the Clerks Office of the United States Bankruptcy Court located at One Division NW, 2nd Floor, Grand Rapids, Michigan. Information about a PACER login and password may be obtained by either contacting the PACER service center by telephone between 8:00 a.m. and 5:00 p.m. Monday through Friday CST at (800) 676-6856 or via its web site at http://pacer.psc.uscourts.gov.

A copy of this order has been returned to **Harold E. Nelson, Esq.**, for service by mail or other permitted method upon those parties not served by the CM/ECF electronic notification procedure.