UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MICHIGAN

_____

In re

       SUREFIL, LLC,                          Case No. 09-06914

                                          Chapter 11

           Debtor.                  Jointly Administered

_____

In re:

                                    Case No. HG 09-06916

SUREFIL PROPERTIES, LLC,

          Debtor.

_____

**DEBTORS' MOTION TO EXPAND
THE EMPLOYMENT OF DELTA EQUITY ADVISORS, LLC**

       Surefil, LLC and Surefil Properties, LLC (collectively, "**Debtor**"), by their attorneys, Nantz, Litowich, Smith, Girard & Hamilton, pursuant to 11 U.S.C. § 327 and Fed. R. Bankr. P. 2014, moves that this Court enter an Order authorizing expansion of the scope of employment of Delta Equity Advisors, LLC ("**Delta**").  In support of this Motion, the Debtor states:

       1.      On June 8, 2009, the Debtors filed voluntary petitions under Chapter 11 of the Bankruptcy Code and the Debtor has thereafter been acting as debtor in possession.

       2.      No trustee or examiner has been appointed in this case.

       3.      The Court has jurisdiction over this application pursuant to 28 U.S.C. §§ 157 and 1334.

       4.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

       5.      This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

6.      The Huntington National Bank ("**Bank**") is the major secured lender to the Debtor, having prepetition security interests in essentially all of the Debtors' assets and having been previously granted a post-petition security interest in essentially all of the Debtor in possession's assets.

7.      Debtors, Guarantor and the Bank are parties to a Stipulation Authorizing Continued Use of Cash Collateral and Granting Adequate Protection and Providing for a Sale Process (the "**November Stipulation**"), that was approved by order of the United States Bankruptcy Court dated November 30, 2009, and became a final order on December 8, 2009.

8.      The Debtor has been investigating the possibility of a purchase of its assets and business as a going concern and has solicited offers from potentially interested purchasers (the "**Sale Process**").

9.      The Bank has agreed, subject to the granting of the relief requested herein, to support, for a period of time it deems to be reasonable, the Debtors' efforts to pursue the Sale Process.  The Bank has agreed to allow the Debtor to use cash collateral for the purposes set forth above pursuant to a budget ("**Budget**") acceptable to the Bank, further provided that the use of cash collateral is within the formula and subject to the rights and protections afforded the Bank as adequate protection under the November Stipulation as approved by the Court, and further provided that the Bank's consent to the use of cash collateral must be renewed every two weeks or the Debtor's right to use cash collateral shall terminate.  The Budget will include any requested carve-out for professionals, including Delta.  The Bank's cash collateral necessary to pay the carve-out amounts is earmarked for that purpose and may not be used for any other expenses.  All parties in

interest, except the Bank and the Debtor, but specifically including the US Trustee shall retain whatever rights they may have to object to the carve-out.

10.     On May 4, 2010 this Court entered an Order appointing Delta as financial advisors to the Debtor.

11.     The engagement letter, attached to the application seeking Delta's employment provided that Delta would "perform additional projects or analyses as determined appropriate and desired by management of the company."

12.     The Debtor and the Bank have determined and agreed that it would be appropriate for Delta to perform the following services for the Debtor:

(a)     prepare the Budget that provides for the continuation of the operations of Debtor through the Sale Process;

(b)     monitor compliance by Debtor with the Budget and to approve disbursements pursuant to the Budget, subject to the limitations on use of cash collateral set in the existing cash collateral provisions between the Debtor and the Bank;

(c) prepare any necessary amendments for the Budget (with the written consent of the Bank);

(d) assume the lead in developing, and recommending to the Debtor, the steps, elements and tasks necessary to carry out the Sale Process;

(e) assume the lead in negotiating, for recommendation to the Debtor, the terms of any sale agreement or, in the absence of a sale agreement, to assist in implementing a plan for the orderly disposition of the Debtors' assets;

(f) analyze and recommend, to the Debtor and the Bank, what Delta, in its independent discretion, believes is the highest and best offer obtained during the Sale Process.

13.     William J. Hunt ("**Hunt**"), the managing member of the Debtor, is affiliated with a party that has expressed an interest in participating in the Sale Process as a potential buyer.

14.     In order to avoid the appearance of bias or conflict of interest on the part of Hunt or the Debtor, the Debtor consents to, and moves that this Court apply the following limitation and conditions to the right and powers of the Debtor (as Debtor in Possession) pursuant to 11 U.S.C. § 1107(a):

(a)     The Debtor shall, in good faith, consider the filing of all motions, suggested or recommended by Delta to assist in expediting and consummating the Sale Process.  Such motions may include, without limitation, motions to establish bid procedures and motions to approve sales under 11 U.S.C. 363(b) and (f). The Bank reserves the right to object to any such motions;

(b)     The Debtor shall authorize Delta to submit a bi-weekly report to provide status reports to the U.S. Trustee and the Bank consisting of a brief narrative as to the status of the Sale Process, and a comparison of actual financial performance of the Debtor as compared to the Budget for the prior two (2) weeks;

(c)     The Debtor shall authorize Delta to report to the U.S. Trustee, the Bank and Debtor's counsel any perceived acts or omissions by Hunt or the Debtor that interfere with Delta's ability to carry out its consulting functions;

(d)     To prohibit the Debtor from terminating the consulting services of Delta without prior approval by the Court.

WHEREFORE, the Debtor requests that this Court enter an Order authorizing the expansion of Delta's employment as requested herein; providing the limitations and conditions to the Debtors' rights and powers as Debtor in Possession as requested herein; and grant such other and further relief as may be just or equitable.

Respectfully submitted,

NANTZ, LITOWICH, SMITH, GIRARD & HAMILTON
Attorneys for Debtors

Dated:  July 9, 2010                    By:____/s/ Harold E. Nelson_____
                                             Harold E. Nelson  (P-27974)
                                        Business Address:
                                             2025 E. Beltline, S.E., Suite 600
                                             Grand Rapids, MI  49546
                                             (616) 977-0077

f:\data\hen\surefil llc\motion expand delta employment 7-9-10.doc