UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

In re:

    Surefil, LLC,                                        Case No. HG09-06914
                                                          Chapter 11
                                                          Honorable Jeffrey R. Hughes
                                                          Jointly Administered

_____ Debtor./

In re:

    Surefil Properties, LLC,                    Case No. HG09-06916
                                                          Chapter 11
                                                           Honorable Jeffrey R. Hughes
                                                          Hearing: Thursday, July 15, 2010
                                                          at 1:30 p.m. in Grand Rapids

_____ Debtor./


UNITED STATES TRUSTEE'S OBJECTION TO
DEBTORS' MOTION TO EXPAND THE EMPLOYMENT OF DELTA EQUITY
ADVISORS, LLC


      Daniel M. McDermott, United States Trustee for Region 9, objects, pursuant to his

authority under 11 U.S.C. Section 307 and 28 U.S.C. Section 586(a)(3), to the debtors'

Motion to Expand the Employment of Delta Equity Advisors, LLC, for the following

reasons:

1. Surefil, LLC, the operating company, filed a petition for relief under Chapter 11 of the Bankruptcy Code on June 8, 2009.  Surefil Properties, LLC, which owns the real estate that is used by Surefil, LLC, also filed a petition for relief under Chapter 11 on June 8, 2009.

2. William B. Hunt is the managing member of both Surefil, LLC, and Surefil Properties, LLC.  Mr. Hunt also owns 87.5% of the equity of each company.

3. On June 29, 2009, the Court entered orders in both cases (Case No. HG09-06916, Docket No. 29; Case No. HG09-06914, Docket No. 47) granting the debtors' motions for joint administration.

4. The United States Trustee has appointed an Official Committee of Unsecured Creditors.  That Committee has not retained counsel.

5. The Court appointed Delta Equity Advisors, LLC, as financial advisors to the debtor on May 4, 2010.  (Bankruptcy Court Docket No. 181.) The United States Trustee did not object to this appointment. (Bankruptcy Court Docket Note dated April 29, 2010.)

6. On June 30, 2010 the debtor filed an Emergency Motion for Use of Cash Collateral.  (Bankruptcy Court Docket No. 208.) According to that motion, the role of Delta Equity was to be expanded to put Delta in charge of negotiating a sale of the debtors' assets.  The motion also mentioned a carve out to ensure that the professional fees would be paid.

7. At the hearing of July 7, 2010, the Court asked for a redrafted motion, and the

debtor withdrew the motion for use of cash collateral.

8. The debtor filed a motion to expand the duties of Delta Equity on July 9, 2010. (Bankruptcy Court Docket No. 215.) That motion again asks that Delta be put in charge of a possible sale of the debtors' assets and operations, but restricts the independence of action to be conferred upon Delta. The motion also repeats the request for a carve out to pay professional fees, but preserves the right of the United States Trustee, among others, to object to a carve out.

9. Both the cash collateral motion and the motion to expand Delta's duties honestly and frankly state that Mr. Hunt is affiliated with a potential bidder in the anticipated sale, and that therefore, Mr. Hunt has a conflict of interest.

10. The United States Trustee commends Mr. Hunt and counsel for disclosing this conflict of interest. However, the United States Trustee does not agree that the proposed solution of expanding Delta's duties is adequate to the situation. After consideration of the case, the United States Trustee has decided to file a motion requesting the conversion of this case to one under chapter 7. The allegations of that motion are incorporated herein as if repeated verbatim. For all the reasons stated in the motion to convert, the United States Trustee cannot consent to the expansion of Delta's duties as solution for this case.

11. In particular, the United States Trustee objects to the requested carve out and to any provisions that limit the discretion of the debtor in possession as trustee, including but not limited to the clause that prohibits the debtor from discharging Delta without prior

Court authority. However, even if these items were changed, the United States Trustee would still maintain this objection. The United States Trustee agrees that there are ways to expand the scope of any professional's duties under Section 327, provided that the independence and fiduciary responsibility of the debtor in possession or the trustee are not affected.  However, the United States Trustee does not agree that if a debtor in possession has a conflict of interest, then the remedy lies in expanding the duties of the court appointed professionals under Section 327.  Section 327 is not the proper remedy.  The proper remedy is conversion under Section 1112 or the appointment of a Chapter 11 trustee under Section 1104.

For all the above reasons, the United States Trustee asks that the Court decline to grant the requested relief, or that the Court grant such other relief as the Court may deem just.

                                                Respectfully submitted,
                                                DANIEL M. McDERMOTT
                                                United States Trustee
                                                Region 9

Date:_____            By:_____
                                            By: */s/ Michael V. Maggio*
                                                  Michael V. Maggio
                                                  Trial Attorney
                                                  Office of the United States Trustee
                                                  United States Department of Justice
                                                  The Ledyard Building, Second Floor
                                                  125 Ottawa NW, Suite 200R
                                                  Grand Rapids, Michigan 49503
                                                  Tel: (616) 456-2002, ext. 114