UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

IN RE:

SUREFIL, LLC, et. al,

Debtors.
_____/

Case No.: 09-06914
(Chapter 11)
Jointly Administered

Hon. Jeffrey R. Hughes

## OLEANDER INTANGIBLES LLC AND OLEANDER BRANDS INTERNATIONAL LLC OBJECTION TO DEBTORS' REVISED MOTION TO APPROVE SALE AND FOR OTHER RELATED RELIEF AND TO FORM OF PROPOSED ASSET PURCHASE AGREEMENT WITH ABACO, LLC

Oleander Brands, LLC and Oleander Brands International, LLC (collectively, "Oleander"), through their counsel, Miller Johnson, for their Objection to Debtors' Motion to Approve Sale and for Other Related Relief and to Form of Proposed Asset Purchase Agreement with Abaco, LLC, respectfully state as follows:

1. This Objection is filed in accordance with this Court's September 1, 2010 Order Re: Debtors' August 16, 2010 Motion – Sale Notice of Hearing Re: Final Sale Order.

2. The Court and parties-in-interest are familiar with the factual circumstances surrounding the Debtors' Sale Motion. As a result, Oleander will not restate them in this Objection.

3. The Debtors filed the proposed Asset Sale and Purchase Agreement (the "APA") on September 9, 2010 as required by the Court's September 1, 2010 Order. Oleander has had the opportunity to review the APA and its terms.

4. In addition to the concerns regarding the sale process generally, which the Court addressed at the August 30, 2010 hearing on this matter, Oleander objects to the form of the APA and the transactions contemplated thereby for the reasons set forth herein.

5. On October 28, 2008, in connection with their joint effort to acquire the "Lander" product line assets out of the Ascendia Brands Co., Inc. bankruptcy, Oleander, Surefil and Grand Brands, LLC ("Grand Brands") entered into an Agreement (the "Agreement") splitting the ownership and intellectual property rights of the "Lander" brand such that Surefil had exclusive ownership of the intellectual property rights of the "Lander" brand in the United States and Canada and Oleander maintained such ownership and rights as to the rest of the world. A copy of the Agreement is attached as Exhibit A.

6. In addition to addressing the acquisition and division of the "Lander" rights throughout the world, the Agreement also provides for continuing obligations of the parties to refrain from competing in the applicable regions, specifically stating at Section 3 of the Agreement:

> Each party shall use its commercially reasonable best efforts to assure the [Lander] Brand Products they sell are not imported into the territories they do not have the right to sell in. No party shall transfer all or any portion of its rights in the [Lander] Brand Products (a "Brand Transfer"), without obtaining the transferee's agreement to this restriction in favor of the other parties to this Agreement…

As such, the Agreement constitutes an executory contract for which all parties have a continuing obligation (a) not to sell products in, or to be imported into, an exclusive territory and (b) to obtain a transferee's agreement to that restriction in connection with any transfer of rights.

7. The form of the APA suggests that Grand Brands, LLC, an affiliate of the Debtor and owner of the "Lander" rights in the United States and, upon information and belief,

2

Canada, intends to transfer the "Lander" rights to the Debtor immediately prior to the proposed sale and then the Debtor intends to transfer these assets to Abaco to complete the transaction.

8. While the APA defines the "Lander Brand Assets" to be limited to the United States, its territories and Canada, the APA does not confirm that the Debtor has agreed to these restrictions in connection with the proposed transfer from Grand Brands to the Debtor and that, in turn, Abaco has agreed to these restrictions with respect to the proposed transfer from the Debtor to Abaco.

9. It is of great concern to Oleander that Grand Brands and the Debtor appear to seek to make two transfers of the Lander Brand Assets (i.e. the transfer from Grand Brands to the Debtor and the subsequent transfer to Abaco) without complying with this obligation to confirm that Abaco agrees to such restrictions.

10. Because the Debtors and Grand Brands have continuing obligations as to the Lander Brand Assets under the Agreement, in order to ensure that the Debtor is not transferring anything greater than it owns, the Debtor must also assume and assign the Agreement as part of the transaction contemplated by the APA.

11. Currently, the APA only contemplates that Abaco will decide which, if any, executory contracts to assume after the sale is approved. To allow Abaco to wait until after the sale is approved (and this Objection is ruled upon) to decide whether to assume the Agreement is unduly prejudicial to Oleander.

12. Even if the Court does not require the Debtor to assume and assign the Agreement as part of the sale in order to transfer the rights to the Lander Brand Assets, Grand Brands is not a debtor in this or any other case. For Grand Brands to assign its rights in the Lander Brand Assets to the Debtor, the Debtor must confirm that it agrees to the restrictions

under the Agreement. This new obligation of the Debtor constitutes a post-petition obligation of the Debtor that cannot be rejected or avoided. Therefore, the Debtor must also obtain Abaco's confirmation that it agrees to the restrictions.

13. Additionally, the APA discloses a State Court lawsuit recently filed by the Debtor against Oleander and its principal (the "Lawsuit"). The Lawsuit (which, perhaps not ironically, was filed on August 30, 2010, the date of the prior hearing on this matter) seeks approximately $300,000 in damages related to an alleged breach of the Agreement by Oleander.

14. Specifically, the Debtor alleges in the Lawsuit that the Agreement obligated Oleander to enter into a long term supply agreement with the Debtor regarding the inventory needed to service international sales of Lander brand product by Oleander and, because the parties were not able to agree to mutually acceptable terms for a long term supply agreement, the Debtor was damaged because it had allegedly procured approximately $300,000 in raw materials to service Oleander notwithstanding Oleander's written warnings to the Debtor not to procure such raw materials.

15. It is not clear whether the Lawsuit is being transferred or assigned under the APA. Oleander and its counsel have sought clarification from Abaco on this point, which has resulted in additional confusion, due to the fact that Abaco has suggested it will obtain the Debtors' accounts receivable, but not the Lawsuit. Because the Lawsuit involves an alleged account receivable on the Debtors' books, the lack of clarity on this point could result in two parties (a subsequent Chapter 7 Trustee and Abaco) pursuing Oleander for the same claims.

16. Also important with respect to the Lawsuit is the fact that, in addition to other relief, the Lawsuit seeks rescission of the Agreement. If the intent is for Abaco to purchase the Debtor's claims under the Lawsuit, the Debtor must also be required to assume and assign

the Agreement to Abaco, due to the fact that the claims set forth in the Lawsuit all relate to the Agreement.

17. While Oleander appreciates the Court's reasoning behind its authorization of the Debtor to negotiate a final definitive agreement with Abaco in light of the Debtor's circumstances, the Debtor should not be allowed to utilize a Section 363 sale to transfer any greater rights in its assets (but especially with respect to assets owned up to the date of the sale by a non-debtor third party, Grand Brands) than it or the third party possesses prior to the proposed sale.

WHEREFORE, Oleander respectfully requests that the relief requested by the Debtors' Motion be denied or, if the sale is approved, that the Sale Order expressly require assumption of the Agreement and the limitations imposed by it going forward.

MILLER JOHNSON
Attorneys for Oleander Intangibles LLC and Oleander Brands International LLC

Dated: September 13, 2010   By  /s/ Robert D. Wolford
    Robert D. Wolford (P-62595)
    Business Address:
      250 Monroe Avenue, N.W., Suite 800
      PO Box 306
      Grand Rapids, Michigan  49501-0306
    Telephone:  (616) 831-1700