UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MICHIGAN

| In re: | Chapter 11 |
| --- | --- |
| SUREFIL, LLC, | Case No. 09-06914 |
| Debtor. | JOINTLY ADMINISTERED |
| In re: | |
| SUREFIL PROPERTIES, LLC, | Case No. 09-06916 |
| Debtor. | |

**PROSYS, LLC AND PROCESS RESULTS, INC.'S
OBJECTION TO ASSET SALE AND PURCHASE AGREEMENT AND
RENEWED OBJECTION TO DEBTORS' MOTION TO APPROVE SALE
AND FOR OTHER RELATED RELIEF**

NOW COME Process Results, Inc. ("Process Results") and PROSYS, LLC ("PROSYS"), by their attorneys, Kerr, Russell and Weber, PLC, and for their Objection to Asset Sale and Purchase Agreement and Renewed Objection to Debtors' Motion to Approve Sale and for Other Related Relief, state as follows:

### INTRODUCTION

In accordance with this Court's *Order re: Debtors' August 18 Motion – Sale Notice of Hearing re: Final Sale Order* (the "Sept. 1 Order") (Doc #273, entered September 1, 2010), the Debtors filed a document entitled "Asset Sale and Purchase Agreement" (the "Agreement") on September 9, 2010 at approximately 5:00 p.m.   In accordance with the Sept. 1 Order, PROSYS and Process Results file these objections to the Agreement.

PROSYS and Process Results have Construction Liens against Debtors' real property (the "PROSYS/Process Results Liens") and the improvements located thereon that have priority

{33490/1/DT490644.DOC;1}

over all other interests in the property, including all interests of Debtors and the Huntington National Bank ("Huntington"). PROSYS and Process Results have filed objections (Doc. # 243 and #264) to the Debtors' motion to approve sale, which they renew and incorporate into this Objection as if fully restated herein.

As all interested parties are well aware, PROSYS and Process Results have one primary concern with the sale, namely, ensuring that sufficient proceeds are placed in escrow to satisfy their first-in-priority liens against the Debtors' real property and improvements. The Agreement (page 12, section 3) provides that $1,220,000 of the purchase price will be allocated to "that portion of the Purchased Assets owned by Properties at the Closing." For the reasons discussed below, this proposed allocation does not adequately address and protect the interests of PROSYS and Process Results' priority rights in the proceeds of the sale.

Further, the Agreement does not provide for the establishment of any escrow of the $1,220,000.00 portion of the purchase price, which is critical in order to preserve and protect PROSYS and Process Results' interests in the sale proceeds. Any order approving the sale must: (1) provide that an amount of at least $1,220,000.00 be placed in escrow from the sale proceeds resulting from the sale of the real property and improvements owned by Surefil and Surefil Properties which are the subject of the PROSYS and Process Results liens; and (2) provide that the $1,220,000.00 of the purchase price placed into escrow is subject only to the construction liens of PROSYS and Process Results, as first secured parties, and then to the interests of Huntington and Rush Creek Excavating, only, and should also ensure that the Debtors, the estate and any subsequently appointed trustee have no interest in the escrowed funds. The Order should further provide that the interest of Rush Creek in the escrowed funds is limited to $18,000.00.

**BACKGROUND**

On August 30, 2010, the Court conducted its hearing on the Debtors' sale motion, and thereafter entered the Sept. 1 Order. The Court established deadlines of September 9, 2010 for Debtors to submit a final signed purchase agreement and September 13, 2010 for PROSYS and Process Results to file any objections to the agreement.

On September 1, 2010, counsel for PROSYS and Process Results wrote counsel for the Debtors and Huntington requesting that the purchase agreement, including an agreement to establish an escrow for the Priority Liens (as defined in the Agreement), be forwarded to counsel as soon as possible so any potential objections or issues could be resolved.

PROSYS and Process Results did not receive the signed Agreement until it was filed with the Court at 5:00 p.m. on September 9. PROSYS and Process Results received a draft motion and order to establish an escrow with the Court during the afternoon of September 10, 2010. PROSYS and Process Results hope to finalize the terms of this order prior to the September 15 hearing, but as of this date, no escrow agreement has been finalized nor has an order been entered establishing the escrow.

**ARGUMENT**

A.   **The Agreement does not contain a sufficient allocation of sale proceeds**

Section 3.1 of the Agreement provides that $1,220,000 of the Purchase Price shall be "allocated to that portion of the Purchased Assets owned by Properties at Closing and the balance of the Purchase Price is allocated to that Portion of the Purchased Assets owned by Surefil at Closing, including the Lander Brand Assets."

The allocation of the Purchase Price is vague, ambiguous and not sufficient to protect the interests of PROSYS and Process Results as creditors with a first secured interest in the real

property and improvements which are the subject of the sale. It references an allocation to Purchased Assets owned by Properties, but it is not clear which entity owns the real property and the improvements made to the real property, which are subject to the PROSYS/Process Results Liens.

Section 3.3 provides that the "Priority Liens shall attach to the Purchase Price in the same order of priority and validity as they attached to the Owned Real Property, pending further order of the Bankruptcy Court as set forth in Section 3.1." This section is confusing because Section 3.1 does not reference an order to be entered by the Bankruptcy Court.

PROSYS and Process Results each have separate claims of lien which have attached to the complete interests of Surefil Properties and Surefil in the real property and improvements located thereon which are the subject of each of the PROSYS and Process Results liens. On February 7, 2009, the Kent County Circuit Court entered two Stipulated Orders granting Process Results and PROSYS' motions for partial summary disposition with respect to the priority and attachment of their construction liens. Among other things, with respect to both PROSYS and Process Results, the Orders entered by the Kent County Circuit Court provide:

> (a)   The construction liens of Process Results and PROSYS attach to the complete interest of the owner, Surefil Properties, LLC and the lessee, Surefil, LLC, of the real property and all improvements located thereon, and the liens remain attached thereto. (Orders Granting Partial Summary Disposition, §3, Exhibits A and B).
>
> (b)   Process Results and PROSYS' construction liens have priority over all other interests in the real property and improvements located thereon including, without limitation, all interests claimed by Surefil Properties, Surefil and Huntington National Bank and except for the construction liens of each of the other (PROSYS/Process Results) (Orders Granting Partial Summary Disposition, §4, Exhibits A and B).

Pursuant to the Michigan Construction Lien Act, MCL § 570.1101 and, in particular, but without limitation, MCL § 570.1121, upon the failure of an owner and/or lessee to pay the amounts determined to be owed to a lien claimant, the court may enter a judgment ordering the sale of any interest in the property which is subject to the lien to satisfy the amount determined to be owed to a lien claimant.  Pursuant to MCL § 570.1107(2), a construction lien under the Michigan Construction Lien Act attaches to the **"entire interest"** of the owner or lessee who contracted for the improvement, including any subsequently acquired legal or equitable interest.

The Kent County Circuit Court has already determined that the construction liens of PROSYS and Process Results have attached to the entire interest of Surefil and Surefil Properties in the real property and improvements located thereon which are the subject of PROSYS and Process Results' liens, copies of which are attached to the court's orders granting Process Results and PROSYS' motions for partial summary disposition (Exhibits A and B).  Process Results and PROSYS, as parties having a first secured interest in the real property and improvements located thereon which are being proposed for sale, are entitled to have sufficient funds set aside solely for their benefit which would satisfy their respective construction liens in their entirety at the conclusion of the Kent County Circuit Court litigation.

The Debtors' motion purports to allocate the sum of $1,220,000.00 of the purchase price to that portion of the purchased assets owned by Surefil Properties, LLC at closing.  It also purports to allocate the balance of the purchase price ($4,500,000.00) to that portion of the purchased assets owned by Surefil at closing.  The Asset Sale and Purchase Agreement <u>does not</u> indicate whether the sum of $1,220,000.00 is being allocated for the real property and improvements owned or leased by Surefil Properties and Surefil to which the Process Results and PROSYS liens have attached.  Therefore, the allocation is insufficient to allow Process

Results and PROSYS to evaluate whether their interests have been adequately protected and any asset sale should not be free and clear of the liens of Process Results and PROSYS.

PROSYS and Process Results propose that the allocation in Section 3.1 be revised to provide:

> One Million Two Hundred Twenty Thousand Dollars ($1,220,000.00) of the Purchase Price is allocated to that portion of the Purchased Assets owned by Debtors that is attributable to the real property and improvements owned by Debtors that are secured by the Priority Liens.

### B. The Agreement does not address an escrow of funds for the Priority Liens

In its objections to the sale motions, incorporated as if fully restated herein, PROSYS and Process Results have stated that they will only consent to a sale if they approve the terms of a satisfactory Escrow Agreement that protects their construction lien interests in the proceeds of the sale. Huntington and PROSYS/Process Results have held numerous discussions relating to the escrow and have agreed that the escrowed funds totaling $1,220,000 should be deposited with the Clerk of the Court.

However, the Agreement does not appear to even address an escrow of the funds, and as of this date, no escrow agreement has been finalized that is acceptable to PROSYS and Process Results and no order has been entered requiring the escrow of the funds.

The Agreement should not be approved, and the Debtors and Purchaser should not close, until the escrow has been established upon terms satisfactory to PROSYS and Process Results.

### C. PROSYS and Process Results renew and incorporate their objections to the motions to approve sale

The Debtors have filed a motion to approve sale and a renewed motion to approve sale. In the initial motion, they sought to escrow $1.2 million from the sale proceeds for the benefit of

the Priority Liens (as defined in the Agreement). In the renewed sale motion, they eliminated this request and stated that they would retain $490,679 on account of the construction liens of PROSYS/Process Results, and the remaining proceeds would be paid over to the bank.

Significant discussions between the parties took place on August 30 in connection with the last hearing. While it is clear that the Debtors are seeking approval of a sale, it is not clear what the Debtors are requesting from the Court relating to the escrow. In short, there are a significant number of details that need to be resolved and finalized before a sale can take place.

For the reasons set forth in their objection to the renewed sale motion (Doc. #64), PROSYS and Process Results will add attorney fees, as well as interest and other charges, to their first-in-priority liens, to the extent permitted by the Kent County Circuit Court. Given the extensive litigation in Kent County Circuit Court, as well as the litigation and numerous contested hearings before this Court, it is critical that at least $1,220,000 be allocated toward property to which the PROSYS/Process Results Liens have attached, and that these funds be placed into escrow upon terms satisfactory to PROSYS and Process Results.

Accordingly, PROSYS and Process Results renew and incorporate their prior objections to the sale motion. In addition, PROSYS and Process Results respectfully request that they be given the right to approve any order approving the sale prior to its entry by the Court.

WHEREFORE, Process Results and PROSYS respectfully request that this Court not approve the sale contemplated by the Agreement unless and until the objections raised by Process Results and PROSYS are resolved to their satisfaction, or grant such other relief as is just and equitable.

8

Dated: September 13, 2010 **KERR, RUSSELL AND WEBER, PLC**

/s/ Mark M. Cunningham
Mark M. Cunningham (P38408)
Jason W. Bank (P54447)
Attorneys for PROSYS, LLC and
PROCESS RESULTS, INC.
500 Woodward Avenue, Suite 2500
Detroit, MI 48226-3406
313-961-0200; 313-961-0388 (facsimile)
mmc@krwlaw.com
jwb@krwlaw.com

## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| In re: | Chapter 11 |
| | Case No. 09-06914 |
| SUREFIL, LLC, | |
| | JOINTLY ADMINISTERED |
| Debtor. | |
| In re: | |
| | |
| SUREFIL PROPERTIES, LLC, | Case No. 09-06916 |
| | |
| Debtor. | |

## CERTIFICATE OF SERVICE

I hereby certify that on September 13, 2010, I electronically filed the foregoing PROSYS, LLC AND PROCESS RESULTS, INC.'S OBJECTION TO ASSET SALE AND PURCHASE AGREEMENT AND RENEWED OBJECTION TO DEBTORS' RENEWED MOTION TO APPROVE SALE AND FOR OTHER RELATED RELIEF with the Clerk of the Court using the ECF system which will send notification of such filing to all ECF participants.

Dated:  September 13, 2010        /s/ Mark M. Cunningham
Mark M. Cunningham (P38408)
Jason W. Bank (P54447)
**KERR, RUSSELL AND WEBER, PLC**
Attorneys for PROSYS, LLC and
PROCESS RESULTS, INC.
500 Woodward Avenue, Suite 2500
Detroit, MI  48226-3406
313-961-0200; 313-963-7099 (facsimile)
mmc@krwlaw.com
jwb@krwlaw.com