# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF MICHIGAN

In re:

    SUREFIL, LLC,

        Debtor.

Chapter 11
Case No. 09-06914

JOINTLY ADMINISTERED

In re:

    SUREFIL PROPERTIES, LLC,

        Debtor.

Case No. 09-06916

## PROSYS, LLC AND PROCESS RESULTS, INC.'S OBJECTION TO SUREFIL, LLC AND SUREFIL PROPERTIES, LLC'S MOTION FOR AUTHORIZATION TO DEPOSIT CERTAIN SALE PROCEEDS INTO THE REGISTRY OF THE COURT

NOW COME Process Results, Inc. ("Process Results") and PROSYS, LLC ("PROSYS"), by their attorneys, Kerr, Russell and Weber, PLC, and for their Objection to Surefil, LLC and Surefil Properties, LLC's (hereinafter sometimes referred to collectively as ("Debtors") Ex Parte Motion for Authorization to Deposit Certain Sale Proceeds into the Registry of the Court, state as follows:

### INTRODUCTION

In accordance with this Court's *Order re: Debtors' August 18 Motion – Sale Notice of Hearing re: Final Sale Order* (the "Sept. 1 Order") (Doc #273, entered September 1, 2010), the Debtors filed a document entitled "Asset Sale and Purchase Agreement" (the "Agreement") on September 9, 2010 at approximately 5:00 p.m.   In accordance with the September 1 Order, PROSYS and Process Results filed their Objections to the Agreement on Monday, September 13, 2010 (Doc #278, entered September 13, 2010).  Previously, the Debtors filed

{33490/1/DT491404.DOC;1}

Motions to Approve Sale and PROSYS and Process Results have filed Objections (Doc #243 and #264) to the Debtors' Motion to Approve Sale, which PROSYS and Process Results also renewed and incorporated into their Objection to the Asset Sale and Purchase Agreement.

The Asset Sale and Purchase Agreement submitted to the court by Debtors, Surefil and Surefil Properties, contained no provision for an escrow agreement. PROSYS and Process Results have asserted a number of concerns with the sale but primarily a concern with insuring that sufficient proceeds are placed in escrow to satisfy their first priority liens against Debtors' real property and the improvements located thereon.

After filing their proposed Asset Sale and Purchase Agreement, the Debtors, ex parte, filed a Motion and proposed Order for Authorization to Deposit Certain Sale Proceeds into the Registry of the Court. The Debtors' motions for sale, their proposed Asset Sale and Purchase Agreement, and the Ex Parte Motion and proposed Order for Deposit of Certain Sale Proceeds into the Registry of the Court are related and must be considered in conjunction with one another. PROSYS and Process Results incorporate by reference all of their previously filed objections to all of the foregoing.

## ARGUMENT

### A.   Designation of Sale Proceeds

The proposed Asset Sale and Purchase Agreement apportions $1,220,000.00 of the purchase price to an item generally defined as the property of Surefil Properties. Among other things, PROSYS and PRI have filed objections to the designation as it does not clearly indicate the apportionment of sale proceeds to be proceeds from the real property and improvements to which PROSYS and Process Results' liens have attached.

The proposed Asset Sale and Purchase Agreement also does not make clear a limitation on the amount to which Rush Creek could possibly be entitled, an amount which should be limited to $18,000.00.

Beyond the foregoing, to the extent funds are segregated for the benefit of PROSYS and Process Results, PROSYS and Process Results have requested that the order allowing any such allocation make clear that no other person or entity, including the Debtors and any subsequently appointed trustee, have an interest in the proceeds segregated to an escrow account (other than the respective interests, if any, of Huntington and Rush Creek).

B.    **The Escrow.**

In addition to any order accepting or creating the allocation and creating the fund for the escrow, the escrow order entered by this court should provide that no disbursement of any of the funds can be made except upon further order of this court following an appropriate motion, notice to PROSYS and Process Results and such other parties as the court deems necessary, and an opportunity to be heard.  The escrow order should also provide that disbursements from the escrow to PROSYS and Process Results will be made based upon a determination of the complete lien amount of PROSYS and Process Results and following entry of a final, nonappealable order by the Kent County Circuit Court or a nonappealable order from the appropriate Michigan court of appeals.  Such order should provide that no release of any funds from the escrow can be made until such time as this court has entered an order based upon the appropriate order from the appropriate Michigan state court concerning the final amounts of the construction liens of PROSYS and Process Results.

Any order allowing the sale and/or approving an escrow order entered by this court should provide that the construction liens of PROSYS and Process Results remain attached to the

real property and improvements described in their liens until such time as the sale proceeds have been deposited in the escrow account with the clerk of the court free and clear of all other interests other than those allowed under the court's orders.

In the event Debtors or Huntington National Bank ("Huntington") appeal the determination of the Kent County Circuit Court as to the final amounts of the PROSYS and Process Results construction liens, under Michigan law, PROSYS and Process Results would be entitled to collect upon their judgment in accordance with their liens and/or entitled to an order of foreclosure for sale of the property and improvements thereon to satisfy the liens unless the appealing party posts a surety bond with sufficient surety in one and one-half times the amount of the judgments in favor of PROSYS and Process Results. In the event Debtors and/or Huntington elect to appeal the Kent County Circuit Court's final determination of the amounts of the PROSYS and Process Results liens, this court's order, if any, creating the escrow, should provide that PROSYS and Process Results will be entitled to release of the escrowed funds in satisfaction of their liens unless such a bond is posted, unless an express determination is made that the amount in the escrow necessary to satisfy the liens of PROSYS and Process Results is equal to one and one-half times the amount of the final judgment from the Kent County Circuit Court.

Finally, any escrow order entered must make clear that the funds being deposited in the account are funds from the sale of the real property and improvements located thereon to which the PROSYS and Process Results liens apply with respect to both Surefil and Surefil Properties.

WHEREFORE, PROSYS and Process Results respectfully request that this court not grant the Ex Parte Motion for Authorization to Deposit Certain Sale Proceeds into the Registry of the Court under the terms that have been proposed by Debtors and not enter the Debtors'

proposed Order and further request that to the extent this court authorizes an escrow with the registry of the court, it be subject to the terms requested herein.

Dated:  September 14, 2010

**KERR, RUSSELL AND WEBER, PLC**

/s/ Mark M. Cunningham
Mark M. Cunningham (P38408)
Jason W. Bank (P54447)
Attorneys for PROSYS, LLC and
PROCESS RESULTS, INC.
500 Woodward Avenue, Suite 2500
Detroit, MI  48226-3406
313-961-0200; 313-961-0388 (facsimile)
mmc@krwlaw.com
jwb@krwlaw.com

# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| In re: | Chapter 11 |
| | Case No. 09-06914 |
| SUREFIL, LLC, | |
| | JOINTLY ADMINISTERED |
| Debtor. | |
| In re: | |
| | |
| SUREFIL PROPERTIES, LLC, | Case No. 09-06916 |
| | |
| Debtor. | |

## CERTIFICATE OF SERVICE

I hereby certify that on September 14, 2010, I electronically filed the foregoing PROSYS, LLC AND PROCESS RESULTS, INC.'S OBJECTION TO SUREFIL, LLC AND SUREFIL PROPERTIES, LLC'S EX PARTE MOTION FOR AUTHORIZATION TO DEPOSIT CERTAIN SALE PROCEEDS WITH THE REGISTRY OF THE COURT with the Clerk of the Court using the ECF system which will send notification of such filing to all ECF participants.

Dated:  September 14, 2010        /s/ Mark M. Cunningham
Mark M. Cunningham (P38408)
Jason W. Bank (P54447)
**KERR, RUSSELL AND WEBER, PLC**
Attorneys for PROSYS, LLC and
PROCESS RESULTS, INC.
500 Woodward Avenue, Suite 2500
Detroit, MI  48226-3406
313-961-0200; 313-963-7099 (facsimile)
mmc@krwlaw.com
jwb@krwlaw.com

{33490/1/DT491404.DOC;1}            6