UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
_____

In re:

SUREFIL, LLC,

      Debtor.

Case No. HG 09-06914
Chapter 11
Hon. Jeffrey R. Hughes

_____

In re:

SUREFIL PROPERTIES, LLC,

      Debtor.

Case No. HG 09-06916
Jointly Administered

_____

**NOTICE OF DEBTOR'S INTENT
TO ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS
AND UNEXPIRED LEASES AND (II) CURE COSTS RELATED THERETO**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1. On August 18, 2010, the above-captioned debtors in possession (collectively, the "**Debtors**") filed a motion (the "**Sale Motion**") with the United States Bankruptcy Court for the Western District of Michigan (the "**Bankruptcy Court**") seeking, among other things, (a) authority to sell substantially all of the Debtors' assets free and clear of all liens, claims and encumbrances; (b) approval of certain procedures for the solicitation of bids with respect to the sale of said assets; (c) authority to assume and assign certain executory contracts and unexpired leases in connection with the sale; and (d) scheduling of a final hearing with the Bankruptcy Court for approval of the sale. The Bankruptcy Court granted the Motion on September 16, 2010.

2. Debtors and Abaco Partners, LLC (the "**Purchaser**") have entered into a Purchase Agreement, dated as of September 9, 2010 (the "**Purchase Agreement**"), which, together with ancillary agreements, contemplates a set of related transactions for the sale of substantially all of the Debtors' tangible, intangible and operating assets, defined as the "**Purchased Assets**" in the Purchase Agreement, including the Designated Agreements (as defined below), to the Purchaser.

3. This Notice is provided to inform you of the Debtors' intent to assume and assign to the Purchaser the Designated Agreements. The following procedures (the "**Contract Procedures**") govern the assumption and assignment of the Designated Agreements in connection with the sale of the Purchased Assets to the Purchaser:

    (a) **CONTRACT DESIGNATIONS**. The Purchase Agreement contemplates, and the Sale Order authorizes, the assumption and assignment to the Purchaser of

certain executory contract(s) and unexpired lease(s). Attached hereto as **Exhibit A** is a list of certain executory contracts and/or unexpired leases that the Debtors intend to assume and assign to the Purchaser (collectively, the **Designated Agreements"** and, each, a "**Designated Agreement**"), pursuant to Section 365 of Title 11 of the United States Code (the "**Bankruptcy Code**").

(b) **CURE COSTS**. The Debtors have listed on the attached **Exhibit A** the amounts that the Debtors believe must be paid to cure all prepetition defaults under the Designated Agreements, in accordance with Section 365(b) of the Bankruptcy Code (in each instance, the "**Cure Costs**").

(c) **AGREEMENT TO ASSUMPTION AND ASSIGNMENT**. If you agree with the Cure Costs indicated on **Exhibit A**, and otherwise do not object to the Debtors' proposed assumption and assignment of your lease or contract to the Purchaser, you are not required to take any further action.

(d) **SECTION 365 OBJECTIONS**. Objections, if any, to the proposed assumption and assignment of the Designated Agreements, including, but not limited to, objections related to adequate assurance of future performance, or objections relating to whether applicable law excuses the non-debtor counterparty to such Designated Agreement (the "**Non-Debtor Counterparty**") from accepting performance by, or rendering performance to, Purchaser for purposes of Section 365(c)(1) of the Bankruptcy Code, or to the proposed Cure Costs (a "**Section 365 Objection**"), must be made in writing and filed with the Bankruptcy Court so as to be **received no later than seven (7) days after the date of this Notice** (the "**Section 365 Objection Deadline**") by the Bankruptcy Court and the following parties:

| | |
|---|---|
| Nantz, Litowich, Smith, | Mika Meyers Beckett & Jones PLC |
| Girard & Hamilton | Attn: John Arndts |
| Attn: Harold E. Nelson | 900 Monroe Avenue, N.W. |
| 2025 E. Beltline, S.E., Suite 600 | Grand Rapids, MI 49503 |
| Grand Rapids, MI 49546 | Telephone: (616) 632-8000 |

(e) **RESOLUTION OF OBJECTIONS; SECTION 365 HEARING**. Upon the filing of a Section 365 Objection (i) challenging the ability of the Debtors to assume or assign the Designated Agreement (a "**Disputed Designation**") or (ii) asserting a cure amount higher than the proposed Cure Costs indicated on **Exhibit A** annexed hereto (the "**Disputed Cure Costs**"), the Court shall issue a notice of hearing to resolve any such dispute. If the Bankruptcy Court determines at a Section 365 hearing that the Designated Agreement cannot be assumed and assigned, or establishes Cure Costs that the Purchaser is not willing to pay, then such executory contract or unexpired lease shall no longer be considered a Designated Agreement.

(f) **FAILURE TO OBJECT; CONSENT TO ASSUMPTION AND ASSIGNMENT**. Unless a Section 365 Objection is filed and served before the Section 365 Objection Deadline, all parties shall be deemed to have consented to such Cure Costs and the assumption and assignment of such Designated Agreements, and such party shall be forever barred from objecting to the Cure Costs or such assumption and

assignment and from asserting any additional cure or other amounts against the Debtors, their estates or the Purchaser.

(g) **RESOLUTION OF ASSUMPTION/ASSIGNMENT ISSUES**.  If the Non-Debtor Counterparty to a Designated Agreement fails to timely assert a Section 365 Objection as described in paragraph (d) above, or upon the resolution of any timely Section 365 Objection by agreement of the parties or order of the Bankruptcy Court approving an assumption and assignment, such Designated Agreement shall be deemed to be assumed by the Debtors and assigned to the Purchaser and the proposed Cure Costs related to such Designated Agreement shall be established and approved in all respects.

(h) **CONDITIONS ON ASSUMPTION AND ASSIGNMENT**.  Please read **Exhibit A** carefully.  Accordingly, subject to the satisfaction of any cure or assignment disputes, the Debtors shall be deemed to have assumed and assigned to the Purchaser each of the Designated Agreements.  Once assumed and assigned under these Contract Procedures, a Designated Agreement is not subject to rejection under Section 365 of the Bankruptcy Code.

(i) **CURE PAYMENTS**.  Except as may otherwise be agreed to by the parties to a Designated Agreement, the defaults under the Designated Agreements that must be cured in accordance with Section 365(b) of the Bankruptcy Code shall be cured as follows:  the Purchaser shall pay all Cure Costs relating to Designated Agreement within ten days after the date on which such Designated Agreement is deemed assumed and assigned, or with respect to Disputed Cure Costs, the date the amount thereof is finally determined.

4. The inclusion of any document on the list of Designated Agreements shall not constitute or be deemed to be a determination or admission by the Debtors or the Purchaser that such document is, in fact, an executory contract or unexpired lease within the meaning of the Bankruptcy Code, and all rights with respect thereto being expressly reserved.

Respectfully submitted,

**NANTZ, LITOWICH, SMITH, GIRARD & HAMILTON**
Attorneys for Debtors

Dated:  September 28, 2010          By:   */s/ Harold E. Nelson*
                                          Harold E. Nelson  (P-27974)
                                          Business Address:
                                             2025 E. Beltline, S.E., Suite 600
                                             Grand Rapids, MI  49546
                                             (616) 977-0077

f:\data\hen\surefil llc\notice to assume and assign 9-28-10.doc

## EXHIBIT A

### [SCHEDULE OF DESIGNATED AGREEMENTS AND CURE COSTS RELATED THERETO]

| NON-DEBTOR COUNTERPARTY | EXECUTORY CONTRACT ID | CURE COST |
|---|---|---|
| Winning Brands Corporation<br>11 Victoria Street<br>Suite 220A<br>Barrie, Ontario   L4N 6T3<br>Canada | Manufacturing and Supply Agreement dated 12/10/2007 | |
| CMA International, LLC<br>Oleander Intangibles, LLC<br>Oleander Brands International, LLC<br>3 Thrush Mews<br>North Brunswick, NJ  08902 | Agreement dated 10/29/2008 | |
| Candle-lite, a division of<br>Lancaster Colony Corporation<br>10521 Millington Court<br>Cincinnati, OH  45242 | Manufacturing and Supply Agreement dated 10/20/2009 | |
| Merchandising Department<br>Attn:  CVS Private Label Buyer<br>CVS Pharmacy, Inc.<br>One CVS Drive<br>Woonsocket, RI  02895 | Store Brand Agreement dated 10/16/2008 | |
| Marketing (2004) Ltd.<br>Kubbutz Glil Yam 46905<br>Israel | Manufacturing and Supply Agreement dated 7/1/2009 and Addendum to Manufacturing and Supply Agreement dated 5/1/2010 adding Nano Foods Limited | |
| Rubbermaid Commercial Products, LLC<br>3124 Valley Avenue<br>Winchester, Virginia | Master Purchase Agreement dated 4/22/2010 | |
| AccountMate Software Corporation<br>1445 Technology Lane, Suite A5<br>Petaluma, CA  94954 | Support # 603465 | |
| Nano Foods Limited<br>Kibutz Glil Yam 46905<br>Israel | Addendum to Manufacturing and Supply agreement dated 5/1/2010 | |
| Terraboost Media, LLC<br>3109 Grand Avenue<br>#300<br>Miami, FL  33133 | Manufacturing and Supply Agreement dated 10/3/2008 | |

f:\data\hen\surefil llc\notice to assume and assign 9-21-10.doc

Case:09-06914-jrh    Doc #:292    Filed: 09/28/10    Page 5 of 5

-5-